UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CENTER FOR GESTALT DEVELOPMENT, INC.,<br>Plaintiff,<br>v.<br>CHARLES BOWMAN,<br>Defendants. | Civil Action No. 22-2185<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

# TABLE OF CONTENTS


NATURE OF THE ACTION ............................................................................................. 2

PARTIES ........................................................................................................................ 4

THE FRENCH DEFENDANTS ........................................................................................ 5

JURISDICTION AND VENUE ........................................................................................ 6

FACTUAL BACKGROUND ............................................................................................ 7

CLAIMS FOR RELIEF .................................................................................................. 15

COUNT ONE Copyright Infringement .......................................................................... 15

COUNT TWO Contributory Copyright Infringement ..................................................... 16

COUNT THREE Vicarious Copyright Infringement ...................................................... 18

PRAYER FOR RELIEF .................................................................................................. 21

DEMAND FOR JURY TRIAL ........................................................................................ 23


# TABLE OF EXHIBITS


Exhibit A The Copyrighted Manuscript

Exhibit B The Infringing Book

Exhibit C Copyright Assignments, Agreement, and Supporting Material

- C.1 Assignments by Stephen & Renate Perls
- C.1.a Power of Attorney by Renate Perls
- C.1.b Notice of Prior Assignment to Stephen & Renate Perls
- C.2 1991 Agreement with Estate of Laura Perls
- C.2.a Letters Testamentary Appoitning Executor

Exhibit D Comparison of Paragraphs in Copyrighted Manuscript and Infringing Book

Exhibit E Announcement & Advertisement for Infringing Book

Plaintiff, the Center for Gestalt Development, Inc. (the "Center"), by and through its undersigned counsel, for its Complaint against Defendant Charles Bowman, alleges as follows:

1. This action for copyright infringement against Defendant Charles Bowman is related to a separate action for copyright infringement arising from the facts alleged herein that the Center previously commenced against Charles Bowman (the Defendant here) and two other named defendants, Jean-Marie Robine ("Robine") and the Institut Français de Gestalt-thérapie ("L'Exprimerie") (together with Robine, the "French defendants") in United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania Court"), currently pending as *The Center for Gestalt Development Inc. v. Charles Bowman, Jean-Marie Robine, and the Institut Français de Gestalt-thérapie*, No. 2:22-cv-02058-JDW (E.D. Pa.) (the "Pennsylvania Action").

2. On July 27, 2022, Bowman, an Indiana resident, moved to dismiss the claims against him in the Pennsylvania Action for lack of personal jurisdiction and venue. On October 19, 2022, the Pennsylvania Court ruled on Bowman's motion and concluded that Bowman lacked sufficient contacts with Pennsylvania to support personal jurisdiction and venue in that district and dismissed the Center's claims against Bowman without prejudice.

3. The Center files this Complaint to reassert its claims against Bowman in this Court. Shortly after commencing this action, the Center intends to file a motion to transfer in the Pennsylvania Court seeking to transfer the Pennsylvania Action (in which the Center's related claims against the French defendants remain pending) to this Court so that the Center's closely related copyright claims against Bowman and the French defendants can be consolidated in this Court.

## NATURE OF THE ACTION

4. This is an action for injunctive, monetary, and declaratory relief arising from Defendant's willful infringement of the Center's exclusive rights in an unpublished manuscript authored by the pioneering psychiatrist Frederick Perls, M.D., entitled *The Psychopathology of Awareness* (the "Copyrighted Manuscript"). A true and correct copy of the Copyrighted Manuscript deposited with the United States Copyright Office under Registration No. TXu 463-603, together with the United States Copyright Office Public Catalogue entry for that registration, is attached as Exhibit A.

5. Frederick Perls was an iconic psychiatrist who is widely recognized as the founder of Gestalt therapy, an influential form of psychotherapy that Perls first conceived in the 1940s and that has benefitted thousands of people around the world.

6. Before his death in 1970, Frederick Perls authored several seminal published books on Gestalt therapy, as well as several works—including the Copyrighted Manuscript—that remained unpublished upon his death.

7. The Center for Gestalt Development is a nonprofit organization that has been dedicated to publishing and distributing books, journals, and audio and video recordings relating to Gestalt therapy since 1977, when the Center began publishing *The Gestalt Journal* (now known as the *International Gestalt Journal*), the first professional journal devoted to the discipline.

8. Today, the Center publishes and distributes dozens of books on Gestalt therapy, including many of Frederick Perls' seminal books, as well as significant works by Perls' late wife and collaborator, Laura Perls, Ph.D.

9. The Center is the owner of the registered copyright in the Copyrighted Manuscript, which consists of 63 typed pages, some with handwritten edits, addressing topics on

the theory of Gestalt therapy. It includes five chapters of a draft book entitled *Psycho-pathology of Awareness*, as well as an additional work consisting of a six-page fragment that begins with the sentence "Man is suspended in the zero-point of a meso-cosmos."

10. The Center obtained the copyright to the Copyrighted Manuscript through a 1991 Agreement with the estate of Laura Perls and through copyright assignments executed in accordance with that agreement by Frederick and Laura Perls' heirs.

11. Bowman and the French defendants are the creators, co-authors, editors, publishers, and promoters of a recently published book entitled *Psychopathology of Awareness: An unfinished and unpublished manuscript with commentaries by contemporary gestalt-therapists* (the "Infringing Book"), a copy of which is attached as Exhibit B.

12. The Infringing Book contains a substantially verbatim copy of the entire Copyrighted Manuscript. (Ex. B 13-65.)

13. The Infringing Book's substantially verbatim copy of the Copyrighted Manuscript is preceded by a Foreword written by Bowman and Robine purporting to describe the Copyrighted Manuscript's provenance (Ex. B 7-10), and followed by a collection of essays by Bowman (Ex. B 57-64), Robine (Ex. B 187-197), and several other authors (Ex. B 65-186) that discuss (and further copy portions of) the Copyrighted Manuscript.

14. Bowman and the French defendants announced publication of the Infringing Book in late 2019.

15. Within days of that announcement, the Center contacted Bowman and the French defendants and advised them of the Center's exclusive publishing rights in the Copyrighted Manuscript that Bowman and the French defendants' forthcoming book plainly infringed. The Center informed Bowman and the French defendants that they did not have the Center's

permission to use the Copyrighted Manuscript and repeatedly demanded that Bowman and the French defendants immediately cease and desist publication.

16. Bowman and the French defendants launched the Infringing Book anyway. Since late 2019, Bowman and the French defendants have disregarded the Center's demands and have continued publishing, promoting, advertising, offering for sale, selling, shipping, and profiting from the Infringing Book. In doing so, Bowman and the French defendants are exploiting Frederick Perls' creative work in the Copyrighted Manuscript for their own financial gain while depriving both the Center and Perls' heirs of any benefit from the Copyrighted Manuscript, all in flagrant violation of the copyright laws.

## PARTIES

17. Plaintiff, the Center for Gestalt Development, Inc., is a nonprofit corporation organized under New York law with its principal place of business at 290 Pond Road, Gouldsboro, Maine 04607-0460. The Center has been a leading publisher of works on the theory of Gestalt therapy for more than forty years and is the owner of exclusive rights to, and the registered copyright in, the Copyrighted Manuscript.

18. Defendant Charles Bowman is a therapist residing in Indiana with a residence at 91 Point Lane, Arcadia, Indiana 46030. Bowman is the owner and operator of Bowman Counseling & Consulting Services, Inc., which has offices in Indiana. Bowman claims that he obtained access to the Copyrighted Manuscript in 2014. (Ex. B 57.) Bowman shared the Copyrighted Manuscript with the French defendants, Robine and L'Exprimerie, then worked closely with Robine and L'Exprimerie to publish, promote, sell, profit from, and commercially exploit the Copyrighted Manuscript through the Infringing Book. The Infringing Book identifies Bowman as its co-editor, a co-author of its Foreword, and the author of one of its

chapters. (Ex. B at Cover, 7-10, 57-64.) Bowman knew of the Center's exclusive rights in the Copyrighted Manuscript before publication of the Infringing Book.

**THE FRENCH DEFENDANTS**

19. Jean-Marie Robine is a therapist residing in France with a residence at 295 Route du Chemin Court, 33240 St. Romain La Virvee, France. Robine is Manager and Chief Editor of L'Exprimerie, a publisher and distributor of the Infringing Book. Robine, who knew that Bowman resided in Indiana, obtained a copy of the Copyrighted Manuscript from Bowman and worked closely with Bowman and L'Exprimerie to publish, promote, sell, profit from, and commercially exploit the Copyrighted Manuscript through the Infringing Book. The Infringing Book identifies Robine as its co-editor, a co-author of its Foreword, and the author of one of its chapters. (Ex. B at cover, 7-10, 187-197.) Robine knew of the Center's exclusive rights in the Copyrighted Manuscript before publication of the Infringing Book.

20. The Institut Français de Gestalt-thérapie ("L'Exprimerie") is an association organized under the laws of France with a principal place of business at 305 Route de Chemin Court, 33240 St. Romain La Virvee, France. L'Exprimerie operates, as one of its departments, a publishing business known as "L'Exprimerie." Robine is L'Exprimerie's founder and Manager and Chief Editor of its publishing department. L'Exprimerie, which knew that Bowman resides in Indiana, obtained a copy of the Copyrighted Manuscript through Bowman and Robine and has worked closely with and through them to publish, promote, sell, profit from, and commercially exploit the Copyrighted Manuscript through the Infringing Book. L'Exprimerie knew of the Center's exclusive rights in the Copyrighted Manuscript before publication of the Infringing Book.

**JURISDICTION AND VENUE**

21. This Court has subject matter jurisdiction over this civil action for violations of the copyright laws of the United States under 28 U.S.C. §§ 1331 and 1338(a).

22. This Court has general personal jurisdiction over Bowman because he resides and is domiciled in this district. This Court also has specific personal jurisdiction over Bowman because a significant portion of Bowman's conduct that gives rise to the Center's copyright infringement claims took place in this district, including:

a. Keeping one or more copies of the Center's Copyrighted Manuscript in his office in Indiana, as Bowman admitted in an e-mail to the Center dated December 1, 2019;

b. Making unauthorized copies of the Copyrighted Manuscript and distributing those unauthorized copies from this district to the French defendants, to authors who contributed chapters of commentary for the Infringing Book, and to others;

c. Communicating, agreeing, and working with the French defendants (who knew Bowman was in Indiana) to create, partially author, edit, publish, distribute, sell, and promote the Infringing Book; and

d. Causing the Infringing Book to be made available for sale in Indiana, and, on information and belief, to be purchased by and shipped to residents in this judicial district.

23. In November 2019, Bowman and Robine authored and sent electronic messages to members of the Association for the Advancement of Gestalt Therapy (the "AAGT") residing within this district announcing and promoting the Infringing Book, inviting those residents to purchase the Infringing Book from L'Exprimerie through a commercial website that Bowman and the French defendants caused to be created, and which is, upon information and belief, maintained by the French defendants, attaching an advertisement for the Infringing Book that Bowman and Robine created for L'Exprimerie.

24. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred and are occurring here, including Defendants' offering for sale, sale, delivery, and commercial exploitation of the Infringing Book within this District.

## FACTUAL BACKGROUND

25. Frederick Perls was born in Germany and trained as a physician and psychiatrist in Europe before fleeing Nazi Germany and eventually arriving in the United States, where he became a prominent and influential psychotherapist and author, especially in the discipline he created and popularized, Gestalt therapy.

26. Perls authored the Copyrighted Manuscript in the early 1960s but never published it before his death in 1970. At the time of his death, Perls owned all rights in the Copyrighted Manuscript.

27. After his death in 1970, Frederick Perls' rights in the Copyrighted Manuscript passed to his wife and longtime collaborator, Laura Perls, Ph.D., and, ultimately, to her estate. Laura Perl's estate registered the Copyrighted Manuscript with the United States Copyright Office on February 8, 1992 under Registration No. TXu 463-603. (*See* Ex. A.)[1]

28. The Center was founded in 1977 with the mission of publishing and distributing books, journals, and educational recordings relating to the theory and practice of Gestalt therapy.

---

[1] The copy of the Copyrighted Manuscript in Exhibit A was obtained by the Center directly from the United States Copyright Office, which certified that it is the deposit copy for Registration No. TXu 463-603. The reference on that document's cover page to Registration No. "TXu 460 658" is, upon information and belief, the result of a clerical error by the Office.

29. For more than forty years, the Center has served as an important publisher and distributor of Gestalt therapy resources, including the first journal dedicated exclusively to Gestalt therapy, as well as many significant books in that field.

30. During the 1980s and 1990s, the Center and its affiliate, the Gestalt Journal Press, entered into a series of contracts with the estates of Frederick Perls and Laura Perls that granted the Center certain exclusive publishing rights (as well as rights to receive copyright assignments upon demand) to several published and unpublished works by Frederick and Laura Perls in exchange for royalties on any sales of those works payable to the estates or their heirs.

31. On May 13, 1991, the Center entered into one such agreement with the estate of Laura Perls (the "1991 Agreement"), under which the estate granted the Center exclusive publishing rights to several unpublished works by Frederick Perls, including those contained in the Copyrighted Manuscript. In accordance with that agreement, the Perls' only heirs, Stephen and Renate Perls, have assigned ownership of all copyrights in the Copyrighted Manuscript to the Center. Copies of these assignments, along with the 1991 Agreement and supporting documents showing the authority of the signatories, are attached as Exhibit C.

32. The exclusive rights granted to the Center under the 1991 Agreement have never reverted, and the Center has never failed or refused to comply with a publication demand under that agreement.

33. While the Copyrighted Manuscript remained unpublished, the Center made it available for review and study by researchers in the Gestalt therapy field through the Gestalt Therapy Archive (the "Gestalt Archive").

34. The Gestalt Archive was created by the Center's founder, Joseph Wysong, in or about 1985 and is the world's largest collection of published and unpublished materials relating

to the history and development of Gestalt therapy. The archive was originally housed at Kent State University. Since 2009, it has been housed at the University of California, Santa Barbara.

35. The Gestalt Archive makes its resources available to researchers in the Gestalt therapy field for in-person review and study. Visitors to the archive may not remove or borrow any of its materials or copy any copyrighted works in its collection.

36. For many years, indexes and inventories of the Gestalt Archive's collection, including the indexes and inventories made available to all visitors to the Archive, have listed the Copyrighted Manuscript by name and have identified the Copyrighted Manuscript as an unpublished manuscript by Frederick Perls that is subject to copyright.

37. Charles Bowman is a private therapist and consultant in Indiana who markets himself as a leading expert in Gestalt therapy.

38. Bowman has visited the Gestalt Archives and studied the materials in its collection.

39. Sometime in the 2010s, Bowman obtained access to the Copyrighted Manuscript.

40. Bowman has claimed that he obtained the Copyrighted Manuscript while attending a Gestalt therapy conference in California in 2014. (Ex. B 57.)

41. On information and belief, the version Bowman obtained was removed or copied from the Gestalt Archive—something the Center never granted anyone permission to do.

42. Bowman sent a copy of the Copyrighted Manuscript to Robine, a therapist who also markets himself as a leading expert in Gestalt therapy, and who serves as manager and chief editor of L'Exprimerie, a publisher.

43. Bowman, Robine, and L'Exprimerie decided and agreed to commercially exploit the Copyrighted Manuscript by creating, publishing, promoting, selling, and profiting from the Infringing Book.

44. The version of the Copyrighted Manuscript that appears in the Infringing Book is substantially identical to the original.

45. The similarities between the Copyrighted Manuscript and the version reproduced in the Infringing Book are striking. A table illustrating this by listing the first few words of each paragraph in the Copyrighted Manuscript and the Infringing Work side-by-side is attached as Exhibit D.

46. Apart from correcting a few typographical errors, Bowman and the French defendants made only the following changes to the Copyrighted Manuscript before publishing it in the Infringing Book:

a. Several pages of the Copyrighted Manuscript contain minor handwritten edits. Bowman and the French defendants incorporated these into the text.

b. The Copyrighted Manuscript contains the first five chapters of a draft book, followed by an untitled six-page fragment. Bowman and the French defendants altered the chapter headings in the draft book by deleting the heading for Chapter Four (thereby combining Chapters Three and Four), identifying Chapter Five as "Chapter Four," and adding a chapter heading to the six-page fragment, identifying it as "Chapter Five."

c. The six-page fragment contains 16 paragraphs. Bowman and the French defendants changed the order (but not the text) of the penultimate 5 paragraphs. (*See* Ex. D at 6, ¶¶ 10-15.)

47. None of the changes to the Copyrighted Manuscript are transformative, none add any new elements or meanings, and none reflect any significant creative work by Defendants.

48. Bowman and the French defendants never contacted the Center before undertaking work on the Infringing Book to request permission to use the Copyrighted Work, and Bowman and the French defendants never received the Center's permission.

49. Upon information and belief, Bowman and the French defendants purposefully concealed their possession of the Copyrighted Manuscript, and their scheme to publish it, to prevent the Center from discovering Bowman's and the French defendants' infringement until after, or just before, publication of the Infringing Book.

50. Bowman and the French defendants first publicly announced the Infringing Book in or about November 2019, only a few weeks before Defendants published and began selling it in December.

51. Bowman and the French defendants have been actively advertising and promoting the book since in or about November 2019.

52. For example, on November 10, 2019, Bowman sent an e-mail message on behalf of himself and Robine and an accompanying advertisement to members of the Association for the Advancement of Gestalt Therapy (the "AAGT"), including members residing in this judicial district, in which Bowman and Robine announced the forthcoming release of their Infringing Book. The message specifically encouraged recipients to purchase the Infringing Book from a L'Exprimerie website and asked them to send copies of the advertisements to their friends. A copy of this message, which was also posted on the AAGT's online message board, and the accompanying advertisement are attached at Exhibit E.

53. Bowman's and the French defendants' advertising and marketing of the Infringing Book trumpet its inclusion of the previously unpublished Copyrighted Manuscript as the Infringing Book's primary selling point.

54. In both their advertising and the Infringing Book itself, Bowman and the French defendants salaciously mischaracterize the Copyrighted Manuscript as a "lost" text that Bowman and the French defendants have finally brought to light. For example, Bowman and Robine have written:

> Certainly, there had always been the rumor of the existence of an unfinished manuscript penned by Fritz Perls, the primary founder of Gestalt Therapy. For some of us, this rumor was a little more specific since this text even had a title: 'Psychopathology of Awareness'. But none knew where to find it - or claimed not to know. Like a 'cold case' dear to television police series, discovery and investigation led to awakening the sleeping manuscript and shedding light on Perls's last theoretical contributions. More time was then necessary to overcome multiple hesitations and mobilize some authors to comment on this relatively brief and sometimes chaotic draft.

(Ex. B at back cover; Ex. E at advertisement.)

55. This is, of course, nonsense. The Copyrighted Manuscript has for many years been available to researchers at the Gestalt Archive, which lists it by name in indexes and inventories of the Archive's collection.

56. Promptly upon learning of Bowman's and the French defendants' announcement, the Center contacted Bowman and the French defendants, on or about November 25, 2019, and explained that the Center owned exclusive publication rights to the Copyrighted Manuscript that it obtained from the estate of Laura Perls. The Center informed Bowman and the French defendants that they were unambiguously infringing the Center's exclusive rights by preparing to

publish that Copyrighted Manuscript and demanded that Bowman and the French defendants immediately cease and desist publication.

57. In response, Bowman and Robine confirmed that they were in possession of the Copyrighted Manuscript and initially asked whether the Center would grant Bowman and the French defendants permission to proceed with publication, even offering to pay the Center a royalty. The Center refused to grant permission, but Bowman and the French defendants brazenly proceeded to publish and distribute the Infringing Book without the Center's permission. Bowman and the French defendants have since disregarded many more demands by the Center that they cease and desist.

58. In or about December 2019, Bowman and the French defendants began publishing the Infringing Book and offering it for sale through a commercial website controlled and maintained by Bowman and the French defendants .

59. Between 2020 and 2022, Bowman and the French defendants accepted and filled orders for the Infringing Book, receiving money from purchasers in exchange for shipping copies of the Infringing Book to customers, including accepting payment from and shipping the Infringing Book to several customers residing in this judicial district.

60. Undeterred by the Center's repeated demands, and evidently determined to continue profiting from Frederick Perls' fame and the Center's intellectual property, Bowman and the French defendants continue to advertise, promote, publish, and sell copies of the Infringing Book, as well as a recently released, and similarly infringing, French translation.

61. The benefits Bowman and the French defendants have received from their infringing conduct are not limited to proceeds from sales of the Infringing Book.

62. The Infringing Book includes, before and after its reproduction of the Copyrighted Manuscript, marketing copy promoting Bowman and the French defendants themselves. (*See, e.g.*, Ex. B at PDF pp. 4 and book pages 9, 10, 64, 195.) The Infringing Book also contains repeated suggestions falsely claiming that Bowman and the French defendants have somehow "rescued" the Copyrighted Manuscript.

63. Bowman and the French defendants have also promoted both the Infringing Book and their connection with it in many other forums, including in interviews published by Gestalt therapy associations, in online biographical materials hosted by various third parties, and on Bowman's and the French defendants' own websites.

64. Bowman's and the French defendants' promotional efforts plainly are intended not only to sell the Infringing Book, but also to use Frederick Perls' well-deserved fame and influence to raise Bowman's and the French defendants' esteem in the eyes of the Gestalt therapy community—and in the eyes of potential customers for Bowman's and Robine's therapy and consulting services and potential authors of and customers for L'Exprimerie's publications—by suggesting a connection between Bowman and the French defendants, on the one hand, Robine, and Frederick Perls, on the other.

65. No such connection exists. The heirs and estates of Frederick and Laura Perls did not entrust Bowman or the French defendants with any rights to the Copyrighted Manuscript. They entrusted those rights to the Center. Bowman and the French defendants are liable for disregarding and willfully infringing those rights.

## CLAIMS FOR RELIEF

### COUNT ONE
### Copyright Infringement

66. The Center incorporates each paragraph above as if fully set forth here.

67. The Center owns exclusive rights and registered copyrights to the Copyrighted Manuscript, copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*.

68. The Infringing Book contains a substantially verbatim copy of the Copyrighted Manuscript.

69. Without the Center's consent, authorization, approval, or license, Bowman and the French defendants knowingly, willingly, and unlawfully copied, distributed, and displayed the Center's Copyrighted Manuscript, and portions of it.

70. Without the Center's consent, authorization, approval, or license, Bowman and the French defendants knowingly, willingly, and unlawfully copied, prepared, published, displayed, and distributed the Infringing Book (which contained the Copyrighted Manuscript, and portions of it), and continues to do so.

71. Without the Center's consent, authorization, approval, or license, Bowman caused Robine and L'Exprimerie to knowingly, willingly, and unlawfully create a derivative work from the Copyrighted Manuscript in the form of a French translation of the Infringing Book and copy, prepare, publish, display, and distribute that translation (which contains a derivative work of Copyrighted Manuscript, and portions of it). Robine and L'Exprimerie continue to do so.

72. Bowman's and the French defendants' infringement is, and has been, knowing and willful under the Copyright Act, and the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

73. By this unlawful copying, use, creation of an unauthorized derivative work, and distribution, Bowman and the French defendants have violated the Center's exclusive rights under 17 U.S.C. § 106.

74. Bowman and the French defendants have realized unjust profits, gains, and advantages as a proximate result of their infringement.

75. As a direct and proximate result of Bowman's and the French defendants' willful copyright infringement, the Center has and continues to suffer actual damages.

76. The Center is entitled under 17 U.S.C. § 504 to recover either its actual damages together with Bowman's and the French defendants' profits attributable to the infringement, or, at the Center's election, statutory damages of up to $150,000 for each copyrighted work infringed, as well as the Center's reasonable attorneys' fees and costs, and injunctive relief barring Bowman and the French defendants from further infringement of the copyrighted works.

## COUNT TWO
## Contributory Copyright Infringement

77. The Center incorporates each paragraph above as if fully set forth here.

78. L'Exprimerie and other third parties have directly infringed and are directly infringing the Center's copyrights by copying, reproducing, distributing, displaying, and selling, and distributing the Copyrighted Manuscript to the public via the L'Exprimerie website and other online sellers such as Amazon in violation of the Center's exclusive rights and copyrights, and in violation of the Copyright Act, 17 U.S.C.§ 501.

79. In addition to or in the alternative to his own direct infringement, Bowman, like Robine is liable as a contributory infringer for L'Exprimerie's direct infringement.

80. Bowman, like Robine, knew that the infringement has occurred and is continuing to occur and yet he caused, enabled, facilitated, and materially contributed to that infringement.

81. Bowman, caused, enabled, facilitated, and materially contributed to that infringement by obtaining the Copyrighted Manuscript without the Center's permission, by copying, distributing, and displaying the Copyrighted Manuscript to the French defendants, by encouraging the French defendants to publish the Infringing Book, by authoring and co-authoring portions of the Infringing Book, by soliciting other authors to provide materials that appear in the Infringing Book, by working with the French defendants in creating, editing, pricing, and preparing the Infringing Book for publication, and by assisting the French defendants in the publishing, promoting, advertising, and selling the Infringing Book.

82. Bowman's knowledge of the infringement, like Robine's, is both actual and constructive.

83. Bowman knew that the Copyrighted Manuscript was copyrighted and that the Center (or its founder Joseph Wysong) had exclusive rights to the Copyrighted Manuscript. Among other things, Bowman has visited and studied the Gestalt Archives, which plainly identify the Copyrighted Manuscript as copyrighted material, and Robine has stated in emails even before publication of the Infringing Book that he believed or suspected that he needed permission of the Center's founder, Joseph Wysong, to proceed with publication of the Infringing Book Bowman has also stated in an e-mail that he was in full agreement with Robine's understanding about rights in the Copyrighted Manuscript.

84. Bowman, like Robine, obviously knew of the publication, distribution, sale, and display of the Infringing Book. Indeed, Bowman and Robine both have widely and publicly proclaimed that they "created" and "edited" the Infringing Book and co-authored and authored

sections of the Infringing Book. Bowman has promoted sales of the Infringing Book in multiple forums, including on one or more publicly available resumes and biographical information, on his website, and in mass emails sent to Gestalt therapy professional associations. Robine has similarly promoted the Infringing Book and his involvement in creating it, including, for example, interviews published by such associations.

85. Bowman, like Robine, has continued assisting in the directly infringing activity even after the Center expressly alerted him that it owned an exclusive right in the Copyrighted Manuscript that appears verbatim in the Infringing Book.

86. Bowman's contributory infringement, like Robine's, is and has been willful, intentional, purposeful, and reckless, in complete disregard of the Center's rights, and has substantially damaged the Center.

87. Each violation of the Center's rights in and to the Copyrighted Manuscript constitutes a separate and distinct act of copyright infringement.

## COUNT THREE
## Vicarious Copyright Infringement

88. The Center incorporates each paragraph above as if fully set forth here.

89. The creation, publication, and sale of the Infringing Book directly infringes the Center's exclusive rights and copyright in the Copyrighted Manuscript.

90. A defendant commits vicarious copyright infringement when the defendant has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities. A direct financial interest may, but need not, include payment of proceeds from sales of infringing material. A direct financial interest exists where the availability of infringing material acts as a draw for customers. There is no requirement that this draw be substantial.

91. Bowman is co-editor of the Infringing Book. Bowman is also engaged in business as a private Gestalt therapist and consultant as well as a provider of training services for other Gestalt therapists.

92. As co-editor of the Infringing Book, Bowman had authority to supervise the directly infringing activities. As co-editor, Bowman could have, for example, caused the Infringing Book's verbatim copy of the Copyrighted Manuscript to be removed.

93. Bowman has a direct financial interest in the publication, sale, and promotion of the Infringing Book.

94. Among other things, the existence of the Infringing Book acts as a draw for customers for Bowman. The Infringing Book contains marketing copy trumpeting Bowman's expertise and experience as a Gestalt therapist. Bowman has also used his association with the Infringing Book, and with the works of Frederick Perls that the Infringing Book contains, both to market his services directly to potential customers and to raise his esteem among colleagues in the Gestalt therapy community who may refer Bowman customers for therapy and training services.

95. Robine is co-editor of the Infringing Book and Manager and Chief Editor of L'Exprimerie's publishing operations. Like Bowman, Robine is also engaged in business as a private Gestalt therapist, as a provider of training services for other Gestalt therapists, and as an author of Gestalt therapy books and articles.

96. By virtue of his position as co-editor of the Infringing Book and Manager and Chief Editor of L'Exprimerie, Robine had authority to supervise the creation, publication, promotion, and sale of the Infringing Book. As co-editor of the Infringing Book (with

Bowman) and Chief Editor and Manager of L'Exprimerie, Robine could have, for example, caused the Infringing Book's verbatim copy of the Copyrighted Manuscript to be removed.

97. Robine, like Bowman, has a direct financial interest in the publication, promotion, and sale of the Infringing Book.

98. Among other things, Robine has a direct financial interest because he is employed by L'Exprimerie, which receives revenue for sale of the Infringing Book. Robine is also the founder and Manager of L'Exprimerie, with control over its use of funds, and in that capacity too has a financial interest in the infringing activities.

99. Robine, like Bowman, also has a direct financial interest in the publication, promotion, and sale of the Infringing Book because the existence of the Infringing Book acts as a draw for customers for Robine's services.

100. Among other things, the Infringing Book contains marketing copy promoting Robine's and Bowman's respective expertise and experience as Gestalt therapists, as trainers of other therapists, and as authors of Gestalt therapy books and publications, several of which are advertised in the Infringing Book.

101. Robine has also used his association with the Infringing Book, and with the works of Frederick Perls the Infringing Book contains, both to market his services directly to potential customers and to raise his esteem among colleagues in the Gestalt therapy community who may refer Robine customers for therapy and training services, and who may also buy his books or select his current or future writings for publication.

102. L'Exprimerie employs Robine and operates as a department the publishing business known as "L'Exprimerie."

103. As Robine's employer and operator of the publishing business, L'Exprimerie has supervisory authority over Robine's infringing activities, as well as over Bowman's infringing activities insofar as they occurred as part of Bowman's work as co-editor of one of L'Exprimerie's publications.

104. L'Exprimerie has a direct financial interest in the sale and promotion of the Infringing Book because it directly receives payments from sales of the Infringing Book and because the existence of the Infringing Book (which includes advertisements for other L'Exprimerie books), acts as a draw for customers for L'Exprimerie.

105. Upon information and belief, Bowman and the French defendants have each profited from the direct infringement. And have each failed to exercise their authority to stop or limit it.

106. Bowman's and the French defendants' vicarious infringement is and has been willful, intentional, purposeful and reckless, in complete disregard of the Center's exclusive rights, and has caused and is causing substantial damage to the Center.

107. Each violation of the Center's rights in and to the Copyrighted Manuscript constitutes a separate and distinct act of copyright infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, The Center for Gestalt Development, prays for judgment in its favor and against Defendant:

1. Finding that Bowman has infringed the Center's exclusive rights in the Copyrighted Manuscript under 17 U.S.C. § 106.

2. Granting the Center declaratory relief under 28 U.S.C. §§ 2201-02 determining that Bowman's use of the Copyrighted Manuscript in the Infringing Book is not a fair use protectable under 17 U.S.C. § 107.

3. Granting the Center permanent injunctive relief enjoining Bowman from reproducing, modifying preparing derivative works from, publishing or selling, offering to sell, or otherwise distributing the Infringing Book, or any other infringing articles, including any copies of any of the foregoing existing in any form, under 17 U.S.C. § 502.

4. Granting the Center statutory damages in the maximum amount allowed by law as well as profits and other advantages derived by Bowman arising out of or related to infringement of the copyright in the Copyrighted Manuscript, under 17 U.S.C. § 504, in amounts to be proven, plus punitive damages to the extent available;

5. Directing that Bowman reimburse the Center's attorneys' fees and costs under 17 U.S.C. § 505; and

6. Granting any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: November 9, 2022

*s/ George A. Gasper*
George A. Gasper (#24466-41)
Brian Cavanaugh (#36195-49)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100
George.Gasper@icemiller.com
Brian.Cavanaugh@icemiller.com

John J. Powell (*pro hac vice* forthcoming)
Pennsylvania Bar No. 312589
Joseph E. Samuel, Jr. (*pro hac vice* forthcoming)
Pennsylvania Bar No. 327645
MONTGOMERY McCRACKEN WALKER & RHOADS LLP
1735 Market Street
Philadelphia, PA 19103
Phone: (215) 772-7298
Fax: (215) 731-7620
jpowell@mmwr.com
ksachs@mmwr.com

*Counsel for Plaintiff, the Center for Gestalt Development, Inc.*