UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CENTER FOR GESTALT DEVELOPMENT, INC., ) ) ) Plaintiff, ) ) v. ) ) CHARLES BOWMAN, ) ) Defendant. ) | No. 1:22-cv-02185-RLY-TAB |

**ORDER ON MOTION TO STAY PROCEEDINGS AND REQUIRE PLAINTIFF TO PAY DEFENDANT'S COSTS OF PREVIOUSLY DISMISED SUIT**

**I.    Introduction**

Defendant Charles Bowman seeks an order from the Court requiring Plaintiff, The Center for Gestalt Development, Inc., to pay Bowman's costs from a previous action filed against him by the Center in the Eastern District of Pennsylvania that the Center voluntarily dismissed. [Filing No. 21.] Bowman also asks that the Court stay the current proceeding until the Center pays his costs. The Court declines Bowman's request. If Bowman wished to seek fees stemming from lawsuits that were filed in Pennsylvania, he should have sought them from the Pennsylvania court. Federal Rule of Civil Procedure 41(d) does not authorize Bowman to seek fees in this Court. Even if it did, the facts do not support an award of costs, given the Center voluntarily dismissed the first Pennsylvania action after a few months in a failed effort to continue settlement discussions with Bowman. Moreover, Bowman's counsel did not appear in the first Pennsylvania case or file any sort of answer or pre-answer motion. Accordingly, Bowman's motion is denied.

**II.     Background**

This matter stems from an allegation of copyright infringement. The Center alleges that Bowman obtained a copy of an unpublished manuscript in which the Center owns a registered copyright and exclusive publication rights. [Filing No. 25, at ECF p. 3.] The Center further claims that Bowman made copies of the manuscript, without the Center's permission, sent them to another individual and French publishing company (the French defendants), and then partly co-authored a book entitled *Psychopathology of Awareness*. On November 25, 2019, the Center sent a cease-and-desist e-mail to Bowman and the French defendants. [Filing No. 1, at ECF p. 14-15.] Counsel for the parties communicated through various emails in 2020, including one from Bowman's counsel in April 2020 stating that if the Center's counsel proceeded with filing its draft complaint "it will be at the egregious peril of you, your Firm, and most significantly, your client." [Filing No. 25-5, at ECF p. 2.]

On May 26, 2021, the Center sued Bowman in the Eastern District of Pennsylvania for copyright infringement over the manuscript entitled *Psychopathology of Awareness*. [Filing No. 21-1.] Bowman retained counsel to represent him in the first Pennsylvania action, but Bowman's counsel never appeared in that action or filed any responsive pleading. *See* CM/ECF docket, *The Center for Gestalt Develop., Inc., v. L'Exprimerie et al,* No. 2:21-cv-02411-JDW (E.D. Pa.). Instead, Bowman's counsel reached out to counsel for the Center and requested that the Center engage in settlement discussions. [*See* Filing No. 25-6, at ECF p. 2.] Counsel for the Center and Bowman undertook a series of lengthy settlement discussions attempting to resolve this dispute. [*See* Filing No. 25-7.] Bowman's counsel stated in a June 24, 2021, email "if my client is required to respond to the complaint, it will vigorously pursue claims against your client and its counsel." [Filing No. 25-7, at ECF p. 2.]

2

In July 2021, the Pennsylvania court entered a notice on the docket that Bowman had been served but had not timely responded to the Center's complaint. *See The Center for Gestalt Develop., Inc., v. L'Exprimerie et al,* No. 2:21-cv-02411-JDW (E.D. Pa. July 9, 2021), at ECF No. 4. The Pennsylvania court instructed the Center to request entry of default against Bowman by July 30, 2021, or risk *sua sponte* dismissal for failure to prosecute the case. *Id*. As the parties were still engaged in settlement discussions, the Center twice agreed to file a motion to extend the deadline for Bowman to respond to the complaint for the purpose of allowing more time for settlement discussions. *See id*., at ECF Nos. 5 and 7. However, after the second extension, the court ordered that Bowman's response was due September 29, 2021, and "no further extensions of this deadline will be granted." *Id*., at ECF No. 8. The parties continued to engage in settlement discussions. [*See* Filing No. 25-8; Filing No. 25-9.] In light of the court's admonition that no further extensions would be granted, the Center agreed to voluntarily dismiss the action without prejudice to afford the parties more time to pursue settlement before Bowman was required to undertake the cost of responding to the complaint. Accordingly, on September 15, 2021, the Center dismissed the first Pennsylvania suit by filing a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i). [Filing No. 21-2.]

However, after the Center submitted its notice of voluntary dismissal, Bowman and his counsel ceased responding to communications from the Center's counsel. [*See, e.g.,* Filing No. 25-10 (email dated Sept. 28, 2021).] Without Bowman's continued participation, the settlement discussions ended without any resolution to the parties' dispute. Subsequently, the Center hired a new law firm to represent it in this dispute. On May 25, 2022, the Center commenced a new action against Bowman and the French Defendants in the Eastern District of Pennsylvania. *See*

3

Complaint, *Center for Gestalt Development v. Bowman, Robine, and L'Exprimerie*, No. 2:22-cv-02058 (E.D. Pa. May 25, 2022), at ECF No. 1.

Bowman once again failed to timely respond. The Pennsylvania court then filed a notice that if the Center did not file a request for default by July 28, 2022, the court might enter an order dismissing the case against Bowman for lack of prosecution. On July 27, 2022, one day before the Court's deadline, Bowman moved to dismiss the Center's complaint for lack of personal jurisdiction and/or improper venue, arguing that he resides in Indiana. *Id*., at ECF No. 9-2. The Pennsylvania court agreed with Bowman and entered an order dismissing the Center's claims against him without prejudice for lack of personal jurisdiction. *See id*., at ECF Nos. 21 and 22.

Meanwhile, on July 22, 2022, Bowman filed a separate action against the Center, its president (Mary Rawle), and its current legal counsel, in the Superior Court of Hamilton County, Indiana, which Defendants timely removed to this Court. *See generally Bowman v. Rawle et al.*, No. 1:22-cv-01620-RLY-TAB (S.D. Ind.), at ECF No. 1. However, on December 7, 2022, the Court granted Bowman's motion to remand after the parties stipulated that the amount in controversy in that case did not exceed $75,000. [Filing No. 25 (stipulation); Filing No. 28 (entry granting motion to remand); Filing No. 30 (entry amending remand order).]

On November 9, 2022, after the Pennsylvania court granted Bowman's motion to dismiss the claims against him in the second Pennsylvania action for lack of personal jurisdiction over Bowman in Pennsylvania, the Center filed its copyright claims against Bowman in this Court that instituted the underlying cause of action. [Filing No. 1.] To date, Bowman has not filed any responsive pleading to the Center's complaint. On November 22, 2022, Bowman filed his motion to stay proceedings and to require the Center to pay his costs in the first Pennsylvania suit, which is the subject of this order. [Filing No. 21.]

4

**III.    Discussion**

Bowman argues that he is entitled to costs under Fed. R. Civ. P. 41(d) because he incurred costs, including attorney's fees, to obtain dismissal of the first Pennsylvania suit. [Filing No. 21, at ECF p. 2.]  Bowman requests that the Court grant him 30 days to submit a bill of costs specifying the costs he is allowed to recover pursuant to Rule 41(d).  He also asks that the Court stay this case until the Center pays his costs.

Under Rule 41(d), "[i]f a plaintiff who previously dismissed an action in any court filed an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d).  This Court also has "discretion under Rule 41(d) to decline to order the plaintiff to pay costs from the first case." *Consumer Health Info. Corp. v. Amylin Pharma., Inc.*, No. 1:13-cv-01061-TWP-DML, 2013 WL 12284646, at *1 (S.D. Ind. Nov. 6, 2013).  When the Court declines to order the payment of costs, "consequently, there is no reason to stay these proceedings." *Id.*  (*citing Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 559 (7th Cir. 1999)).

The facts demonstrate that the Center, after voluntarily dismissing its first Pennsylvania case to pursue settlement discussions with Bowman's counsel, re-filed the same claims against Bowman in the Eastern District of Pennsylvania once negotiations with Bowman ceased.  Thus, it was this second Pennsylvania action where Rule 41(d) arguably applied.  But Bowman never sought a stay of the second Pennsylvania case.  Instead, he moved to dismiss for lack of personal jurisdiction because he resides in Indiana.  The second Pennsylvania case was ultimately dismissed without prejudice for lack of personal jurisdiction, prompting the Center to re-file the case here.  Therefore, the plain text of Rule 41(d) does not apply.  The Center did not re-file its

5

claim here as "a plaintiff who previously dismissed an action"; rather, it re-filed its claims after a federal district court dismissed the second action—at Bowman's request. If Bowman wished to seek fees stemming from the Pennsylvania actions, he should have sought them from the Pennsylvania court. The rules do not contemplate or authorize Bowman to seek fees in this Court.

      Even if Rule 41(d) applied to this action and Bowman could seek attorney's fees in this Court, the Court is not inclined to award them. Bowman is seeking fees from only the Center's initial Pennsylvania case against Bowman, which the Center voluntarily dismissed without prejudice more than a year ago in order to pursue settlement discussions. At the time of that dismissal, Bowman's counsel had not yet even appeared in the action or filed an answer or any pre-answer motion, much less engaged in any significant litigation. Bowman does not identify any case from this district (or anywhere else) in which a federal court awarded Rule 41(d) costs after a case as short-lived (approximately four months) as the first Pennsylvania action. Nor does Bowman cite any authority for the proposition that costs are appropriate where a plaintiff requested dismissal as an accommodation to the defendant now seeking costs.

      In comparison, the Center contends there is ample authority to deny costs. For instance, in *Consumer Health Info. Corp. v. Amylin Pharma., Inc*., No. 1:13-cv-01061-TWP-DML, 2013 WL 12284646, at *1 (S.D. Ind. Nov. 6, 2013), the plaintiff sued the defendant under the Copyright Act, but voluntarily dismissed that action shortly thereafter because she wished to re-file in another forum and obtain copyright registrations before re-asserting infringement. After the plaintiff re-filed its claims in this Court five years later, the defendant moved for costs under Rule 41(d). *Id*. at *1-2. The Court declined to award any costs or fees, determining that Rule 41(d) costs were not warranted where "[t]he first lawsuit was very short lived," and where the

6

plaintiff's voluntary dismissal was followed by refiling in "a forum that none of the defendants is claiming is improper or inconvenient." *Id*. at *2.

The court in *Consumer Health* also took issue with the defendants' choice not to quantify the costs they were seeking. *See id*. ("[T]he defendants' choice not to quantify the costs they are seeking further militates against an award of costs. It suggests an effort to close the courthouse doors to the plaintiff rather than to obtain fair reimbursement. The court is disinclined to order the payment of costs when it cannot fairly gauge the hardship an award may pose.") Similarly, here, Bowman's motion did not provide any indication of the costs he seeks from the Center. While Bowman requested 30 days to submit a bill of costs identifying his costs in defending the first Pennsylvania action—and later states the amount in his reply brief ($6,855.71)—he could have simply attached a proposed bill of costs to his motion. Instead, as the Center characterizes it, "the latest episode in a troubling effort by Bowman to delay any adjudication on the merits of the Center's copyright claims." [Filing No. 25, at ECF p. 11.][1]

The Center's position also finds some support in a recent Seventh Circuit decision, *Timothy B. O'Brien LLC v. Knott*, 962 F.3d 348, 352 (7th Cir. 2020). In *O'Brien*, the Seventh Circuit upheld a district court's order denying an award of attorney's fees for a copyright claim that was voluntarily dismissed after the defendant answered but before substantial briefing or discovery on contested issues. While *O'Brien* does not involve Rule 41(d), the concept that the

---

[1] Bowman argues in his reply that a practice approved by the Seventh Circuit is for a Rule 41(d) movant to wait until after a motion is granted to fill a bill of costs. *See, e.g., Esposito v. Piatrowski*, 223 F.3d 499 (7th Cir. 2000) (affirming Rule 41(d) costs where "Smith filed a bill of costs, claiming that his share of the total expense of defending the first action . . . was $6,758.91."). The Court does not take much issue in Bowman's failure to file a bill of costs with this motion. Rather, the issue is Bowman's lack of transparency regarding the costs he allegedly incurred within the larger picture demonstrating that his actions (or failure to respond) contributed to those taken by the Center, which his motion fails to set forth. Thus, Bowman's failure to indicate the costs he was seeking in his original motion was merely a minor factor in the Court's analysis and conclusion that an award of costs is improper in this case.

Seventh Circuit applied in finding it proper for a court to deny attorney's fees because the claims had not yet been substantially litigated is applicable to this matter. Here, it is even more obvious that substantial litigation did not occur in the first Pennsylvania action, as Bowman never answered the claims. Indeed, the underlying copyright claims have still never been subjected to any adjudication on the merits. Thus, it is well within this Court's discretion and entirely proper to deny Bowman's request.

## IV.   Conclusion

For the foregoing reasons, Bowman's motion [Filing No. 21] for an order requiring the Center to pay costs and to stay these proceedings pending payment is denied.

Date: 1/5/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

John J. Powell
MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
1735 Market Street
Philadelphia, PA 19103

Joseph E. Samuel, Jr.
MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
1735 Market St.
Philadelphia, PA 19103