UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CENTER FOR GESTALT DEVELOPMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES BOWMAN, <br><br> Defendant. | Case No. 1:22-cv-02185-TWP-MG |

**CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

A.   The correct names of the parties:
   a. The Plaintiff is The Center for Gestalt Development, Inc. (the "Center").
   b. The Defendant is Charles Bowman.

B.   The full name, address, telephone, fax number, and e-mail address of counsel:
   a. Counsel for Plaintiff:

   George A. Gasper
   Brian Christopher Cavanaugh
   ICE MILLER LLP
   One American Square, Suite 2900
   Indianapolis, IN 46282
   Phone: (317) 236-2275  (Gasper)
              (574) 210-7149  (Cavanaugh)
    Fax:  (317) 592-4665  (Gasper)
              (317) 592-4652  (Cavanaugh)
   Email:  george.gasper@icemiller.com
                brian.cavanaugh@icemiller.com

   John J. Powell (*pro hac vice*)
   Pennsylvania Bar No. 312589
   Joseph E. Samuel, Jr. (*pro hac vice*)
   Pennsylvania Bar No. 327645
   MONTGOMERY MCCRACKEN

> WALKER & RHOADS LLP
> 1735 Market Street, 21st Floor Philadelphia,
> PA 19103
>
> Phone: (215) 772-7298
> Fax: (215) 731-7620
> jpowell@mmwr.com
> jsamuel@mmwr.com
> Counsel for Plaintiff, the Center for
> Gestalt Development, Inc.

    b.  Counsel for Defendant:

> Paul B. Overhauser
> OVERHAUSER LAW OFFICES LLC
> 18 E. Main St.
> Suite 202
> Greenfield, IN 46140
> Phone: (317) 467-9100
> Email: poverhauser@overhauser.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   Jurisdiction and Statement of Claims

    A.    Plaintiff contends that this Court has subject matter jurisdiction over this civil action for violations of the copyright laws of the United States under 28 U.S.C. §§ 1331 and 1338(a). This Court has general personal jurisdiction over Bowman because he resides and is domiciled in this district. This Court also has specific personal jurisdiction over Bowman because a significant portion of Bowman's conduct that gives rise to the Center's copyright infringement claims took place in this district.

           Defendant contends that this Court has subject matter jurisdiction over this civil action for violations of the copyright laws of the United States under 28 U.S.C. §§ 1331 and 1338(a) because the Complaint fails to state a plausible claim against Bowman. Bowman denies Plaintiff's allegations that this Court has general personal jurisdiction over Bowman and that a significant portion of Bowman's conduct that gives rise to the Center's copyright infringement claims took place in

        this district.  Defendant has filed a motion to dismiss for lack of venue, which is pending.

    B.    One-paragraph statement of plaintiff's claims, including the legal theories and facts upon which the claims are based:

        This is an action for injunctive, monetary, and declaratory relief arising from Bowman's and others' willful infringement of the Center for Gestalt Development's exclusive rights in an unpublished manuscript authored by the pioneering psychiatrist Frederick S. Perls, M.D., entitled *The Psychopathology of Awareness* (the "Copyrighted Manuscript"), a copy of which is attached as Exhibit A to the Complaint.  The Center alleges that Bowman willfully infringed the Center's exclusive rights in the copyrighted manuscript by making and distributing unauthorized copies of the manuscript, preparing an unauthorized derivative work based on the manuscript in the form of an infringing book containing a substantially verbatim copy of the entire manuscript, and causing his unauthorized derivative work to be published in France and sold to purchasers in the United States in violation of the Copyright Act.

    C.    One-paragraph responsive statement of defendant's claims or defenses, including the legal theories and facts upon which the claims are based:

        Bowman denies Plaintiff's claims, and denies that venue is proper or that the Complaint states a claim.  Plaintiff was previously sued twice in Pennsylvania along with Jean-Marie Robine ("Robine") and the Institut Français de Gestaltthérapie ("L'Exprimerie") (collectively, the "French Defendants").  Both suits were dismissed as to Bowman, and Plaintiff continues to pursue its claims against the French Defendants in the second Pennsylvania suit.  However, the only actions of Bowman identified in the Complaint are alleged to give rise to liability allegedly occurred in 2019, yet the Complaint also alleges that Plaintiff was not assigned the allegedly infringed copyrights until 2021.  Thus, Plaintiffs' claim is further frivolous as to Bowman for this reason, and Bowman will seek to recover his costs and attorney's fees pursuant to the Copyright Act.

## III.    <u>Pretrial Pleadings and Disclosures</u>

Defendant Bowman requests that the court stay discovery until further order of the court.  Bowman has filed a case-dispositive Motion to Dismiss.  The parties should not be required to undertake discovery until after any motion to dismiss is ruled upon.

Plaintiff's request that the court set the following deadlines:

A.  The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **April 14, 2023**.

B.  Plaintiff(s) shall file preliminary witness and exhibit lists on or before **April 21, 2023**.

C.  Defendant(s) shall file preliminary witness and exhibit lists on or before **May 5, 2023**.

D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 26, 2023**.

E.  Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **May 14, 2023**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.  Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 3, 2023**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 7, 2023**; or if Plaintiff has disclosed no experts, Defendant shall make his expert disclosure on or before **July 24, 2023**.

G.  Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **December 4, 2023**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **December 11, 2023**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>.

Plaintiff and Defendant anticipate that the information to be sought in discovery will include documents, communications, and other information regarding or relating to: a manuscript by Frederick S. Perls, M.D. for which the Center claims to own the copyright; the Center's ownership of rights in the manuscript, the creation, publication and sale of book allegedly co-edited by Defendant; and related communications and documents exchanged by or among Defendant, Jean Marie Robine, the Institut and its management, the Center and its management; Bern Bocian, Ansel Woldt, and related communications, records of communications, and other documents exchanged by or among those individuals and entities and relevant third parties, potentially including but not limited to customers and potential customers for Defendant's book, online book selling platforms, contributing authors of Defendant's book, members of the Association for the Advancement of Gestalt Therapy (the "AAGT"), the universities that have housed the Gestalt Archives, and heirs and representatives of Frederick S. Perls, his wife Laura Perls, and/or their estates.

Plaintiff and Defendant anticipate that the information to be sought in discovery will include ESI, likely including, but not necessarily limited to computer files, e-mail communications and attachments, and other electronic data and information in the parties or third parties' possession, custody, or control.

**NOTE REGARDING DISPUTE:** The parties agree that the following italicized sentence should apply in this case, but the parties disagree as to whether the bracketed text should read: "Plaintiff's or the Defendant's" or only "Plaintiff's".
**Plaintiff** contends that the bracketed text should read "Plaintiff's or the Defendant's", such that he requirements in this sentence apply

5

to both parties.  **Defendant** contends that the bracketed text should read "Plaintiff's", such that the requirements in this sentence apply only to Plaintiff because **Defendant** does not have any metadata:

> *All responsive ESI in **[Plaintiff's]** possession, custody, or control shall be produced in native format with all metadata, or in other format as the parties may expressly agree in writing prior to production provided that, in the event of the production of ESI in any agreed upon non-native format, all metadata shall be preserved and produced in a form that renders it accessible and reviewable by the requesting party.*

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.     Discovery[1] and Dispositive Motions

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

   Plaintiff anticipates that summary judgment, or, potentially, other dispositive motions may be appropriate on both liability and damages. Defendant anticipates that, if this case is not dismissed, summary judgment, or, potentially, other dispositive motions may be appropriate on both liability and damages.

B. On or before **October 13, 2023**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

   \_\_\_\_\_ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

   Plaintiff proposes:

   **X** Track 2: Dispositive motions are expected and shall be filed by **October 2, 2023**; non-expert witness discovery and discovery relating to liability issues shall be completed by **August 7, 2023**; expert witness discovery and discovery relating to damages shall be completed by **September 5, 2023**. All

remaining discovery shall be completed by no later than 16 months from Anchor Date.

As noted above, Defendant proposes that the court stay discovery, and further proposes that it not set these or any other deadlines until the court has ruled on any motion to dismiss.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in **May 2023**.

## VI. Trial Date

Plaintiff requests a trial date in **June 2024**. The trial is by **jury** and is anticipated to take **four (4)** days.

Defendant requests that a trial date not be set until any motions to dismiss have been ruled upon.

Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.   Required Pre-Trial Preparation**

   A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

      2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

      3.   Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

      4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

         a.   brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

         b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

      5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

    B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   Other Matters

Defendant has filed a *Motion to Dismiss,* alleging lack of venue, that is fully briefed and currently pending.

In July 2022, Defendant commenced a separate action against Plaintiff, its CEO and counsel of record in this case (Powell and Montgomery McCracken) for malicious prosecution, abuse of process, and other tort claims in the Superior Court of Hamilton County, Indiana. There, Bowman alleges that the Center's copyright claims against Bowman that are currently pending in this Court are frivolous. Defendants removed that action to this Court and, in October 2022, moved to dismiss his complaint for failure to state a claim and lack of personal jurisdiction, or, in the alternative, to stay Bowman's action pending resolution of the Center's copyright claims currently pending in this Court. Bowman moved to remand that case back to state court. In December 2022, Bowman stipulated that the damages arising from his complaint

would likely be limited to his attorneys fees for moving to dismiss the Center's copyright complaint for lack of jurisdiction in Pennsylvania, and thus could not and will not meet or exceed $75,000, prompting this Court to remand. On remand, defendants have refiled in the state court their motion to dismiss Bowman's complaint for failure to state a claim and lack of personal jurisdiction, or, in the alternative, to stay the state court proceedings pending resolution of the Center's copyright claims in this Court. Bowman then served discovery on defendants and, on March 15, 2023, moved to stay his deadline for responding to defendants' motion to dismiss until defendants provide complete responses to Bowman's discovery requests. Those discovery requests are directed to the Center, Montgomery McCracken, Powell, and Rawle and seek, among other things, all communications between the Center and Ice Miller relating to Bowman or the claims in this Court, and all of Montgomery McCracken's documents relating to its whether an investigation was done to support the following allegations, which Bowman's discovery requests list as allegations appearing in the Complaint filed 5/25/22 in the Eastern District of Pennsylvania in case no. 2:22-cv-02058: a. Bowman has had personal contacts with the Eastern District of Pennsylvania; b. Bowman purposely directed his activities at residents of the Eastern District of Pennsylvania; c. Bowman availed himself of the privilege of transacting business within the Eastern District of Pennsylvania; d. Bowman repeatedly traveled into the Eastern District of Pennsylvania to attend meetings and deliver presentations and trainings relating to Gestalt therapy and promote his private therapy practice; e. Bowman created and maintained a commercial website to sell any infringing book; f. Bowman accepted multiple order for any infringing book placed by residents of the Eastern District of Pennsylvania; g. Bowman filled orders for any infringing book placed by residents of the Eastern District of Pennsylvania; h. Bowman received money from residents of the Eastern District of Pennsylvania in exchange for shipping copies of any infringing book into the Eastern District of Pennsylvania; and i. Bowman published any infringing book in the Eastern District of Pennsylvania; j. Bowman offered for sale, deliver or commercial exploitation any infringing book in the Eastern District of Pennsylvania.

Defendants' motion to dismiss or stay Bowman's complaint and Bowman's motion to stay his response to the motion to dismiss pending discovery both remain pending before the state court.

Plaintiff's related copyright claims against Robine and the Institut remain pending in the United States District Court for the Eastern District of Pennsylvania at *The Center v. Bowman, et al.*, No. 2:22-cv-02058. The Court has entered default against the Institut, which failed to appear or respond in that action. Robine appeared and moved to dismiss that action for lack of personal jurisdiction. Argument on Robine's motion to dismiss is set for March 31, 2023.

Respectfully submitted,

*/s/Paul B. Overhauser*
Paul B. Overhauser

11

OVERHAUSER LAW OFFICES LLC
18 E. Main St.
Suite 202
Greenfield, IN 46140
Phone: (317) 467-9100
poverhauser@overhauser.com

*Counsel for Defendant Charles Bowman*

*/s/ Joseph E. Samuel, Jr.*
John J. Powell (*pro hac vice*)
Pennsylvania Bar No. 312589
Joseph E. Samuel, Jr. (*pro hac vice*)
Pennsylvania Bar No. 327645
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
Phone: (215) 772-7298
Fax: (215) 731-7620
jpowell@mmwr.com
jsamuel@mmwr.com

George A. Gasper
Brian Christopher Cavanaugh
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Phone: (317) 236-2275   Fax: (317) 592-4665
george.gasper@icemiller.com
brian.cavanaugh@icemiller.com

*Counsel for Plaintiff, The Center for Gestalt Development, Inc.*

| | |
|---|---|
| X | PARTIES APPEARED BY COUNSEL ON APRIL 3, 2023, FOR A TELEPHONIC INITIAL PRETRIAL CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN OCTOBER 2, 2023. |
| X | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY AUGUST 7, 2023. |

13

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 161(f), to and including dismissal or default.

CMP approved as amended.  Specifically, paragraph III. K is amended to reflect that the requirement to produce responsive ESI with all metadata shall apply equally to both Plaintiff and Defendant.

**APPROVED AND SO ORDERED.**

Date:  4/4/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email.