UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE CENTER FOR GESTALT DEVELOPMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:22-cv-02185-RLY-TAB |
| CHARLES BOWMAN, | ) ) ) | |
| Defendant. | ) ) ) | |
| JEAN-MARIE ROBINE and INSTITUT FRANCAIS DE GESTALT-THERAPIE, | ) ) ) ) ) | |
| Consol. Defendants. | ) | |

**ENTRY ON CHARLES BOWMAN'S MOTION
TO DISMISS FOR LACK OF VENUE**

In this procedurally tortured action, the Center for Gestalt Development, Inc., sues an Indiana resident, Charles Bowman, and two residents of France, Jean-Marie Robine and Institut Français de Gestalt-thérapie, for copyright infringement. Bowman moves to dismiss for improper venue. Because he resides in this district and the joinder of his French Co-Defendants must be disregarded in determining where this action may be brought with respect to Bowman, venue is proper. His motion is therefore **DENIED**.

**I.     Background**

The Center for Gestalt Development first sued Charles Bowman and Jean-Marie Robine in the Eastern District of Pennsylvania. *Center for Gestalt Development, Inc. v.*

1

*L'Exprimerie*, 2:21-cv-2411 (E.D. Pa. 2021) ("First Pennsylvania Case").[1] Though Bowman and Robine steadfastly refused to file an answer in that case, they somehow managed to convince the Center to move for an extension of time and even to voluntarily dismiss the case under Rule 41 instead of pursuing a default judgment. *Id.* The Center represents that its generosity was motivated by a desire to settle with Defendants, but once the case was voluntarily dismissed, Defendants were unsurprisingly less amenable to settlement.

Recognizing its error, the Center filed again in the Eastern District of Pennsylvania. *Center for Gestalt Development, Inc. v. Bowman*, 2:22-cv-2058 (E.D. Pa. 2022) ("Second Pennsylvania Case"). Defendants once again were resolute in their determination not to file an answer. *Id.* With default looming, though, Bowman filed a motion to dismiss for lack of personal jurisdiction and improper venue. *Id.*, ECF No. 9. In support of his motion, Bowman provided a declaration stating: "I reside in Indiana." (Filing No. 29-4, E.D. Pa. Bowman Decl. ¶ 3). Ultimately, Bowman's motion was granted. Second Pennsylvania Case, Filing No. 22.

Bowman then filed his own case against the Center, its CEO, and its counsel in the Superior Court of Hamilton County, Indiana, which was promptly removed to this court. *Bowman v. Rawle*, 1:22-cv-1620 (S.D. Ind. 2022) ("First Indiana Case"). In that case,

---

[1] The court takes judicial notice of the dockets in the following cases: *Center for Gestalt Development, Inc. v. L'Exprimerie*, 2:21-cv-2411 (E.D. Pa. 2021); *Center for Gestalt Development, Inc. v. Bowman*, 2:22-cv-2058 (E.D. Pa. 2022); *Bowman v. Rawle*, 1:22-cv-1620 (S.D. Ind. 2022); and *Center for Gestalt Development, Inc. v. Robine*, 1:23-cv-1027 (S.D. Ind. 2023). *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) ("[D]istrict courts can take judicial notice of public court documents and proceedings when considering a Rule 12(b)(6) motion.").

Bowman alleged he "is an Indiana citizen and a resident of Hamilton County, Indiana." *Id.*, Filing No. 1-1.  Bowman's complaint was based on the Center's lawsuit against him in Pennsylvania.  *Id.*  However, it was later remanded to state court after he admitted he could not possibly recover over $75,000.  *Id.*, Filing No. 28.

After Bowman was dismissed from the Second Pennsylvania Case for lack of personal jurisdiction, the Center filed this case against him in the Southern District of Indiana, where Bowman was already litigating the First Indiana Case against the Center and where it appeared there could be no dispute as to personal jurisdiction or venue.

Meanwhile, Robine also moved to dismiss for lack of personal jurisdiction in the Second Pennsylvania Case.  In support, he stated he has never resided in the United States and is "a citizen and resident of France." (Filing No. 29-5, E.D. Pa. Robine Decl. ¶¶ 2–3).  Robine's motion to dismiss was denied, but his later motion to transfer to this district was granted.  Second Pennsylvania Case, Filing Nos. 45, 52, 59.  That case, *Center for Gestalt Development, Inc. v. Robine*, 1:23-cv-1027 (S.D. Ind. 2023) ("Second Indiana Case") was later consolidated into this case.  (Filing No. 39, Consolidation Entry).

Finally, the Complaint alleges the Institut Français de Gestalt-thérapie (the "Institut") is "an association organized under the laws of France with a principal place of business at 305 Route de Chemin Court, 33240 St. Romain La Virvee, France."  (Filing No. 1, Compl. ¶ 20).[2]  The Institut has been unrepresented in the various actions against it

---

[2] The Center appears to be operating under the assumption that the Institut and Robine are one and the same, but Robine represents that is not the case.  According to Robine, he used to be the

3

and has apparently never appeared or filed a disclosure statement. In fact, default was entered against the Institut in the Second Pennsylvania Case—which, for those keeping score at home, is now this case.[3] Regardless, all that is relevant to this motion is no party disputes that the Institut is organized under the laws of France and has its principal place of business in France, and there is no evidence indicating otherwise.

## II.     Legal Standard

Bowman moves to dismiss for "improper venue" under Rule 12(b)(3) of the Federal Rules of Civil Procedure. When a case is filed in the "wrong division or district," the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Dismissal is authorized "*only* when venue is 'wrong' or 'improper' in the forum in which [the case] is brought." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013) (emphasis added).

## III.    Discussion

The Center's Complaint alleges that venue is proper in the Southern District of Indiana "because a substantial part of the events giving rise to this action occurred and are occurring here." (Compl. ¶ 24). It provides no other basis for proper venue. Seizing

---

Manager and Chief Editor of the publishing and distribution arm of the Institut, but he is now retired (though he continues to volunteer as Chief Editor). (E.D. Pa. Robine Decl ¶ 7).

[3] Despite the court's best efforts, the reader may be understandably confused. To clarify, the Eastern District of Pennsylvania entered default against the Institut and later granted transfer to this court, creating the Second Indiana Case, which was later consolidated into this case. As best the court can tell, the Institut never took any action in any of those proceedings. So, in the action currently pending, default has been entered against the Institut, which still has never appeared.

4

on this oversight, Bowman moves to dismiss for improper venue because he claims no substantial events occurred in the Southern District of Indiana. (Filing No. 28-1, Bowman Decl. ¶ 4). Even if he is correct that no substantial events occurred here, though, he is wrong that the Center is bound by its failure to plead another basis for venue.

A plaintiff need not specifically allege venue. *Great W. Min. & Min. Co. v. ADR Options, Inc.*, 434 F. App'x 83, 86–87 (3d Cir. 2011); *In re Munson*, 627 B.R. 507, 512 (Bankr. C.D. Ill. 2021) ("[T]here is ample authority that specific allegations of venue are not required or at least that the lack of such allegations does not render venue improper and require dismissal.") (collecting cases). If a plaintiff fails to allege a proper basis for venue when one exists, venue is nonetheless proper, and dismissal is not authorized. *See In re Munson*, 627 B.R. at 511–15 (finding venue was proper because defendant resided in the district, even though plaintiff failed to allege a basis for venue); *see also Atl. Marine Const.*, 571 U.S. at 55 (noting that dismissal is only authorized when venue is wrong or improper in the forum).

Both the general venue statute and the copyright venue statute authorize venue in the district in which the defendant resides. 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."); *id.* § 1400(a) ("Civil actions . . . arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."). There can be no reasonable dispute that Bowman resides in the Southern District of Indiana.

5

While Bowman filed this motion before his French Co-Defendants were consolidated into this case, their presence does not defeat venue. Under the general venue statute: "For all venue purposes . . . a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to the other defendants." *Id.* § 1391(c)(3). Because Robine and the Institut are not residents of the United States, they may be sued in any judicial district and their presence in this case must be disregarded in determining whether venue is proper as to Bowman. *In re LimitNone, LLC*, 551 F.3d 572, 575 n.1 (7th Cir. 2008) (citing *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1203 (7th Cir. 1997) (applying the definition of "reside" found in § 1391(c) to venue determination under § 1400(a))). Thus, venue is proper in this district and Bowman's motion is denied.

IV.  **Conclusion**

Bowman's Motion to Dismiss for Lack of Venue Under 28 U.S.C. § 1391(b)(2) (Filing No. 28) is **DENIED**.

**IT IS SO ORDERED** this 31st day of July 2023.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.