UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CENTER FOR GESTALT DEVELOPMENT, INC.,<br>Plaintiff,<br>v.<br>CHARLES BOWMAN,<br>Defendants.<br><br>THE CENTER FOR GESTALT DEVELOPMENT, INC.,<br>Consol. Plaintiff,<br>v.<br>JEAN-MARIE ROBINE and INSTITUT FRANCAIS DE GESTALT-THERAPIE,<br>Consol. Defendants. | No. 1:22-cv-02185-RLY-CSW<br><br>(Consolidate Case:<br>No. 1:23-cv-01027-RLY-TAB)<br><br>JURY TRIAL DEMANDED |

**THE CENTER'S OUTLINE OF DISPUTE FOR DISCOVERY CONFERENCE**

Pursuant to scheduling order entered January 23, 2024 (ECF 81), plaintiff the Center for Gestalt Development, Inc. respectfully submits the following outline of the dispute to be addressed at the conference on January 25.

The parties disagree on the proper location for Mr. Bowman to conduct a deposition of the Center, a non-profit corporation, under Rule 30(b)(6). Mr. Bowman contends the deposition should take place in Indiana, which is the location in his deposition notice. As the Center first informed Mr. Bowman on December 18, 2023, the Center objects to that location and contends that the deposition should take place at or near its principle place of business.

A deposition under Rule 30(b)(6) "differs in significant respects from the normal deposition" because "[t]he persons designated must testify about information known or reasonably available to the organization." Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2103.

Thus, it is well settled that the deposition of a corporation under Rule 30(b)(6) should

take place at near the corporation's principle place of business unless justice requires otherwise. In assessing whether justice requires a departure from the presumption, "significant factors that the Court considers in making its determination are cost, convenience, and litigation efficiency." *Gulf Stream Coach Inc. v. Glovia Int'l Inc.*, 2009 WL 1383796, at *1 (N.D. Ind. May 13, 2009) (citing *Wallace v. Hounshel,* 2008 WL 282069, at *1 (S.D. Ind. 2008) (finding that "Justice does not require that the deposition occur in Indianapolis")).[1]

The Center is a non-profit corporation founded in 1977 by husband-and-wife Joe Wysong and Mary Rawle with its place of operations near Bangor, Maine.  Since Wysong's death in 2018, Ms. Rawle has continued the Center's operations as its sole full-time employee.

Ms. Rawle has not flown on an airplane in more than 40 years due to both a *bona fide* fear of flying and, in recent years, also because of a heart condition.

The Center originally brought this case in Philadelphia but refiled it in Indiana as the result of Mr. Bowman's objection to jurisdiction anywhere but in Indiana.

The Center and Ms. Rawle understand that she will need to travel to Indiana to appear in this case, and she will do so when necessary by train.  Ms. Rawle's train tickets to Indiana for the May 3, 2024 settlement conference cost more than $1,300 and will take several days.

The Center has offered to make Ms. Rawle available for the 30(b)(6) deposition by videoconference if Mr. Bowman prefers that to traveling to the Center's principle place of business.

---

[1] *Accord* ; 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 2112* (2d ed.1994); *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000)); *Wounded Warrior Project, Inc. v. Help Indiana Vets, Inc.*, No. 1:14-CV-75-PPS-CAN, 2014 WL 12538947, at *1 (N.D. Ind. May 23, 2014), quoting *Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Canada AFL-CIO v. Benjamin*, 144 F.R.D. 87, 91 (N.D. Ind. 1992).

Respectfully submitted,

*John J. Powell*
John J. Powell (*pro hac vice*)
Pennsylvania Bar No. 312589
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
1735 Market Street
Philadelphia, PA 19103
Phone: (215) 772-7298
jpowell@mmwr.com

George A. Gasper
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Phone: (317) 236-2275
george.gaspar@icemiller.com

*Counsel for Plaintiff the Center for Gestalt Development, Inc.*