UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CENTER FOR GESTALT DEVELOPMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES BOWMAN, JEAN-MARIE ROBINE, and INSTITUT FRANCAIS DE GESTALT-THERAPIE <br><br> Defendants. | No. 1:22-CV-02185-RLY-CSW <br><br> (Consolidated Case No. 1:23-cv-01027) <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CHARLES BOWMAN'S RENEWED MOTION FOR BILL OF COSTS AND ATTORNEYS' FEES AND RENEWED RULE 11 MOTION**

The Center for Gestalt Development, Inc. ("Plaintiff" or the "Center") briefly replies to Charles Bowman's ("Defendant" or "Bowman") renewed motion for bill of costs including attorney's fees (ECF No. 186) and his renewed motion for sanctions under Rule 11 (ECF No. 187). The Center respectfully request that the Court deny Bowman's renewed motions for the reasons set forth below and in the Center's opposition to Bowman's original motions for costs, fees, and sanctions (ECF No. 174) and those in its opposition to Robine's renewed motion for attorneys' fees (ECF 188), both of which plaintiff incorporates by reference as if set forth herein.

Costs may be denied where the prevailing party's conduct or the equities of the case so warrant. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). District courts retain broad discretion, particularly where the case involves close legal questions or mixed outcomes. In a copyright matter, the court may exercise its discretion in allowing the prevailing party to recover costs, including an attorney's fees. 17 U.S.C. § 505. The Seventh Circuit and its district courts

1

require a "fact-specific, case-by-case inquiry" before awarding fees under Section 505. *Timothy B. O'Brien LLC v. Knott*, 962 F.3d 348, 351 (7th Cir. 2020). The most important factor in determining whether to award fees under the copyright act is whether the claimants position was objectively reasonable. Rule 11 sanctions are reserved only for filings that are objectively unreasonable at the time made, not merely unsuccessful. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). A claim is sanctionable only where "no reasonable attorney" could have believed it was well-founded. *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989) (en banc). Section 1927 requires objectively unreasonable and vexatious multiplication of proceedings, not vigorous advocacy or pursuit of close questions. *Lightspeed Media Corp. v. Smith*, 761 F.3d 669, 677–78 (7th Cir. 2014). Bad faith is required. *Id.*

Bowman seeks costs, fees, and sanctions on the theory that this copyright action was frivolous from inception and pursued in bad faith. The record does not support that claim. Both motions should be denied for at least _____ reasons.

*First*, while Bowman now characterizes this litigation as abusive, the Court conducted a merits-based damages hearing against a co-defendant arising from the same operative facts and entered final judgment awarding the maximum statutory damages and full attorneys' fees — relief that necessarily reflects an independent judicial assessment that Plaintiff's claims were substantively meritorious and not brought in bad faith. (ECF No. 160; ECF No. 167; Tr. of Statutory Damages Hr'g, Oct. 2, 2025.) These rulings are inconsistent with the relief Bowman now seeks. *See Assessment Techs. of Wis., LLC v. WIREdata, Inc.*, 361 F.3d 434, 436–37 (7th Cir. 2004); *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 204 (2016).

*Second*, the Center's claims against Bowman in particular were not frivolous but objectively reasonable. Before this litigation, Bowman repeatedly represented himself as

2

bringing about the creation of the infringing manuscript for which the French defendant was found liable for $300,000 in statutory damages. *See, e..g.*, Exs. A. The Book says Bowman was responsible for bringing it about. Ex. B at ¶ 13.

At worst, this case presented genuine, fact-intensive disputes concerning copyright ownership, exclusive licensing, and authorization to publish an unpublished manuscript — disputes that required substantial judicial analysis and were not resolved by settled precedent. Although the Court ultimately granted summary judgment to Bowman on certain claims, it did not find that Plaintiff acted frivolously, unreasonably, or with improper motive. Nor did it impose sanctions. Bowman's motions would transform adverse merits rulings into sanctions — precisely what Rule 11, § 1927, and Rule 54(d) do not permit. Plaintiff possessed, among other things: (1) a written publishing agreement referencing the manuscript, (2) subsequent written assignments, (3) evidence of copying and publication, and (4) admissions by defendants acknowledging permission was sought but not obtained. *See* Compl. Ex. C, E, B, F. Indeed, Robine admitted under oath that he asked the Center for permission to publish the manuscript. (ECF No. 137-2 (Robine Dep.) at 81:13–16.) Emails produced by Bowman in discovery likewise show that he had concerns about "the rights" in the work (which, according to Bowman, is why he had not published it previously before being approached by Robine). Rule 11 does not penalize losing arguments; it polices baseless filings. *Cooter & Gell*, 496 U.S. at 393. Bowman's motion identifies no filing nor any specific statement in any filing that lacked factual support when made. For these reasons, both motions should be denied.

Third, Bowman filed a separate state court action in Indiana seeking to recover damages flowing from the Center's allegedly frivolous claims. The Center removed that Complaint to this Court. Bowman moved to remand that case. (Ex. C.) Bowman's motion to remand attached a

3

declaration from his counsel that contradicts his renewed motion for attorneys fees. (Ex. D.) In response to his motion for remand, the parties agreed to a stipulation that Bowman could never recover more than $75,000 as the result of the Center's allegedly frivolous claims. Bowman is currently seeking that relief in the state court proceeding. (Ex. E & F.) That stipulation states:

> Plaintiff, Charles Bowman ("Bowman") and Defendants hereby stipulate that: (a) the amount in controversy in this case does not exceed $75,000; (b) Bowman will not seek and, under any circumstances, may not recover more than $75,000 in this case. Based upon this stipulation, Bowman renews his request that this Court remand it to the Hamilton County Superior Court …

(Ex. F.)

*Fourth*, Bowman's motion for fees seeks recovery of fees this Court already held he could not recover. (Ex. G.)

## CONCLUSION

Plaintiff asserted objectively reasonable copyright claims grounded in the factual record and pursued for legitimate purposes. Because this case does not present the exceptional circumstances required for fee-shifting under 17 U.S.C. § 505, Bowman's motion should be denied. Nothing in the record supports such a finding here.

                                            Respectfully submitted,

Dated:  January 30, 2026                */s/ John J. Powell*
                                            John J. Powell (*pro hac vice*)
                                            Matthew DiMaio (*pro hac vice*)
                                            MONTGOMERY McCRACKEN WALKER & RHOADS LLP
                                            1735 Market Street
                                            Philadelphia, PA 19103
                                            Telephone: (215) 772-7648
                                            mdimaio@mmwr.com
                                            jpowell@mmwr.com

                                            Ryan J. Vershay #28109-71
                                            Charles R. Whybrew, #21148-49
                                            Eric C. Sears, #37637-49
                                            LEWIS WAGNER LLP
                                            1411 Roosevelt Avenue, Suite 102
                                            Indianapolis, IN 46201
                                            Telephone: 317-237-0500
                                            Facsimile: 317-630-2790
                                            rvershay@lewiswagner.com
                                            cwhybrew@lewiswagner.com
                                            esears@lewiswagner.com

                                            *Counsel for the Center for Gestalt Development, Inc.*

## **CERTIFICATE OF SERVICE**

      I certify on January 30, 2026, that the foregoing document was filed with the Court's ECF system which will serve electronic notice on all counsel of record.

                                                        */s/ John J. Powell*
                                                         John J. Powell