IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES BOWMAN, ) | |
| Plaintiff ) | |
| v. ) | |
| ) | Case No. 1:22-CV-01620-RLY-TAB |
| ) | |
| MARY RAWLE, THE CENTER FOR ) | |
| GESTALT DEVELOPMENT, INC., ) | |
| JOHN J. POWELL, and ) | |
| MONTGOMERY McCRACKEN ) | |
| WALKER & RHOADS LLP, ) | |
| Defendants. ) | |

**Plaintiffs' Motion to Remand**

Plaintiff, Charles Bowman ("Bowman") moves the Court to remand this case to State Court pursuant to 28 U.S.C. §1447(c) because this Court lacks subject matter jurisdiction as the amount in controversy does not exceed $75,000.

**Facts.**

Bowman is a highly-acclaimed and licensed therapist, faculty member and practitioner of Gestalt Therapy who operates Bowman Counseling and Consulting in Indianapolis along with his wife, Ann.[1] He has authored over 50 books, chapters, reviews and presentations, including a comment on a manuscript about Gestalt Therapy by the deceased founder of that technique, Fritz Perls. That comment was included with ten others in a 2019 book published

---

[1] Bowman's CV is available at http://www.bowmancounseling.com/wp-content/uploads/2019/12/2019-Bowman-Vita.pdf

in France titled *Psychopathology of Awareness: An Unfinished and Unpublished Manuscript with Commentary by Contemporary Gestalt Therapists.*

As a result of Bowman's contribution to the body of knowledge of Gestalt Therapy, The Center for Gestalt Development, Inc. ("Center") sued him in Pennsylvania for copyright infringement with the help of the other co-defendants. The Pennsylvania complaint was defective on its face as it did not establish a basis for personal jurisdiction over Bowman in Pennsylvania. Unconcerned with this defect, Defendants sent Bowman a demand letter characterizing the parties as "poker players" and essentially saying that Bowman should pay money to settle the claims because to do otherwise would cost him at least $172,000 in attorney's fees, and suggesting that litigation could lead to Bowman having to tell his wife that he "blew almost a half million dollars of [his] retirement nest egg" and that if the same thing happened to counsel for the Center, his wife "would surely kill me, or at least ruin my life by moving one of her relatives into the house to live with us as punishment." (Complaint, Dkt. 1-2, p. 43).

After Defendants refused to dismiss Bowman, he filed this suit in Indiana state court for malicious prosecution and abuse of process, and related efforts to extort $172,000 to $494,000 from him through the utterly frivolous Pennsylvania complaint. On July 22, 2022, Bowman also moved to dismiss the Pennsylvania complaint for lack of personal jurisdiction. (Ex. 1, Declaration of Overhauser, par. 2). The legal fees for attempting to settle the Pennsylvania copyright case and briefing the *Motion to Dismiss* were $8,389.91. (Ex. 1, Declaration of

Overhauser, par. 3). That *Motion to Dismiss* was granted on October 19, 2022. (Ex. 2 - Dismissal).

On August 16, 2022, while the *Motion to Dismiss* was pending, Defendants removed the Indiana case to this Court, alleging that the amount in controversy exceeded $75,000, based on the "figures contained in *Defendants'* initial demand letter" for the copyright infringement suit. (Dkt.1, p. 7) (emphasis supplied). However, the present amount in controversy in *this* case is not the $172,000 to $494,000 sought in "*Defendants'* initial demand letter" for the frivolous copyright infringement claim. It is a much lower amount that does not reach this Court's $75,000 jurisdictional threshold. The damages in this case might include the $8,389.91 in legal fees to get the Pennsylvania case tossed. Defendants have the burden of showing that the amount exceeds the $75,000 threshold. They cannot do so, because their extortionate demand for $172,000 to $494,000 in the Copyright case is untethered to the likely damages recoverable in this case.

Thus, this case should be remanded to state court.

**Legal Standard**

When jurisdiction is challenged, the party seeking federal jurisdiction bears the burden of proving that it exists. See, *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995); *Reason v. General Motors Corp.*, 896 F.Supp. 829, 834 (S.D.Ind.1995). Thus, when the plaintiff challenges jurisdiction in a removed action, the defendant must respond with "competent proof" that subject matter jurisdiction exists. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *NLFC*, 45 F.3d at 237; *Reason*, 896 F.Supp. at 834; *Shaw* 994 F.2d at 366 n. 2. This burden requires the defendant to

3

provide evidence of a reasonable probability that federal jurisdiction exists. *See NLFC*, 45 F.3d at 237; *Shaw*, 994 F.2d at 366 n. 2.[2] The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defendant seeking removal based on diversity bears the burden of proving, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied, unless the amount in controversy is clear on the face of the complaint. *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). The defendant must make this showing with "summary-judgment-type evidence." *Id*.

For example, in *Reason,* the plaintiff contended that the amount in controversy had not been sufficiently established. *Id.* at 834. The defendants responded with citations to large verdicts for plaintiffs in cases involving generally the same claims and with plaintiff's settlement with another party. *See id.* The court said that it could not make useful comparisons on the basis of the cases presented by the defendant because the defendant failed to provide enough factual information to determine whether any similarities existed. *See id.* at 835. The complaint failed to establish the amount in controversy, providing only a vague description of the damages that the plaintiff claimed: "severe injuries, including ... injuries to her head and mouth, a broken nose, a broken left knee...."

---

[2] **The standard of competent proof required of a defendant when jurisdiction is challenged by the plaintiff in a removed action is not to be confused with the burden a defendant bears when challenging the court's jurisdiction over an action filed originally in federal court, where "plaintiff's contentions will stand unless it appears to a legal certainty that the claim is actually worth less than the jurisdictional amount."** *Shaw*, **994 F.2d at 366 n. 2.**

*Id.* The court concluded that while the factual assertions in the complaint established a possibility that the plaintiff's claim could satisfy the amount in controversy requirement, this possibility was too speculative to satisfy the reasonable probability standard. *See id.* Thus, the court held that the defendant failed to present competent proof of a reasonable probability that the amount in controversy requirement was satisfied. *See id.* at 834.

Similarly, in *King v. Wal-Mart Stores, Inc.*, 940 F.Supp. 213, 214 (S.D.Ind.1996), the plaintiff challenged the defendant's assertion that the amount in controversy requirement had been met in an action removed from state court. To support its removal position, the defendant relied on the plaintiff's complaint filed in state court, which alleged that plaintiff suffered "pain and injuries, ... incurred medical expenses," and expected to suffer additional pain in the future, although the complaint did not specify the amount in controversy. *Id.* at 216. The court found that the complaint's "general allegations surely [did] not facially constitute a dollar amount exceeding [the threshold requirement]." *Id.* The defendant also relied on the plaintiff's report of special damages of over $10,000, plaintiff's $50,000 settlement demand, and the demand for reimbursement of past and future lost wages. *See id.* at 217. The court remanded the action, holding that this evidence, taken together with the complaint, was still insufficient to provide competent proof of a reasonable probability that the jurisdictional amount in controversy had been met. *See id.*

**Argument**

Defendants' argument for meeting the $75,000 threshold in its *Notice of Removal* is:

> Thus, if Bowman's compensatory damages are found to be even a small fraction of the allegedly tortious figures contained in Defendants' initial demand letter, factoring in his claims for punitive and treble damages, Bowman's damages in this suit likely well exceed $75,000.

(Dkt. 1, *Notice of Removal*, p. 7)

As noted above, the amounts in "Defendants' initial demand letter" to settle the underlying copyright case are not recoverable in this case. Thus, there is nothing to even "factor in" for "punitive and treble damages." Even if the $8,389.91 in attorney's fees incurred to resolve the Copyright Case is considered damages, Defendants do not provide any calculation to fill the shortfall to $75,000.

**Conclusion**

Because this Court lack subject matter jurisdiction over this case, the Court should remand this matter to the Hamilton Superior Court.

Respectfully submitted,

**Overhauser Law Offices LLC**

By: s/Paul B. Overhauser
Paul B. Overhauser
18 E. Main Street, Suite 202
Greenfield, IN 46140
P: 317-467-9100

poverhauser@overhauser.com
*Attorney for Plaintiff, Charles Bowman*

Exhibits

| | |
|---|---|
| 1 | *Overhauser Declaration* |
| 2 | *Dismissal of Pennsylvania Case* |